IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PATRICK T. SMITH,<br><br>        Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security;<br><br>        Defendant. | 8:18CV491<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's motion for attorney fees in the amount of $10,500 under 42 U.S.C. § 406(b). Filing No. 27. Defendant has filed no objection or other response to the motion. However, this Court must independently determine whether attorney fees in the amount of $10,500 is reasonable.

**BACKGROUND**

This is an action for judicial review of a final decision of the Commissioner of the Social Security Administration (SSA). Filing No. 18. Plaintiff appealed the final determination of the Commissioner which denied his application for Social Security benefits. *Id.* This Court reversed the Commissioner's decision. *Id.* The Court found, among other things, that the Administrative Law Judge had erred by discounting Plaintiff's subjective allegations about the frequency and severity of intense back pain and failing to properly assess the weight of the treating or consulting physician opinions. *Id.* at 38-40. The Court found controlling weight should have been afforded to the treating physician opinion and ordered benefits awarded to the Plaintiff. *Id.* at 38 and 43.

1

In support of his motion, the Plaintiff has shown that on or about October 10, 2018, Plaintiff Patrick T. Smith and attorneys Tim Cuddigan and Wes Kappelman entered into a fee agreement providing for a contingency fee of twenty-five percent of back benefits and assigning that award to Plaintiff's counsel. Filing No. 27-1, Fee Agreement. On or about June 2020, Plaintiff's counsel received a notice from the SSA concerning past due benefits. Filing No. 27-2, Notice Letter. This notice explains that $20,800, or 25 percent of past-due benefits, had been withheld from Plaintiff's past due benefits for attorney fees calculation. *Id.*

Additionally, Plaintiff previously applied for and was awarded Equal Access to Justice Act (EAJA) fees under 28 U.S.C. § 2412(d) in the amount of $1,764.38. Filing No. 25. Plaintiff's attorneys expended approximately 8.6 hours of work performed before this Court. Filing No. 27-3, Exhibit Itemization of Time (EAJA). They spent an additional 1.9 hours on Plaintiff's federal court case not accounted for in the prior EAJA motion. Filing No. 27-4, Exhibit Itemization of Time (Non-EAJA). Plaintiff agrees that, if EAJA fees and 406(b) fees are obtained, he will be refunded the smaller of the amount of the EAJA fee or the § 406(b) fee. Filing No. 27-1, Fee Agreement. Counsel requests that, if this motion is granted, the 406(b) award ($10,500) be payable to Mr. Timothy Cuddigan who will then effectuate the return of the EAJA award ($1,764.38) to Plaintiff and disburse to Mr. Kappelman his portion of the 406(b) award. Filing No. 27.

**LAW**

Plaintiff seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of twenty-five percent of plaintiff's past-due benefit award. The Social Security Act authorizes a federal district court to award attorney fees for representation before the

court under 42 U.S.C. § 406(b). Congress enacted § 406(b) to "protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002) (internal quotation marks omitted). Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. 42 U.S.C. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2011).

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Gisbrecht, 535 U.S. at 807. However, a contingency-fee agreement that provides for fees in excess of the boundary imposed by Congress, twenty-five percent of past-due benefits, is per se unreasonable. See id.; 42 U.S.C. § 406(b)(1)(A). If the contingency-fee agreement is at or below the twenty-five percent boundary, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered. Gisbrecht, 535 U.S. at 807.

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable. Id. A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved. Id. at 808. To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case. Id.; Rodriquez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989) ("Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and

3

where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate"). Courts may also reduce an award in situations "occasioned by improper conduct or ineffectiveness of counsel," such as where an attorney delays a case to increase the attorney's share of "past-due" benefits. *Rodriquez*, 865 F.2d at 746; *Gisbrecht*, 535 U.S. at 808.

Courts may award attorney fees to prevailing claimants and their attorneys under both the EAJA and § 406(b); however, a double recovery is not permitted. *Gisbrecht*, 535 U.S. at 796. "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded." *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001). When both awards are granted, the attorney must refund the lesser award to the client. *Id.*

**DISCUSSION**

Pursuant to *Gisbrecht,* this Court has conducted an independent review of the fee arrangement and finds the fee requested under § 406(b) satisfies the statutory requirement of yielding a "reasonable" result. First, the character of the representation in this case and the result achieved support that the requested fee is reasonable. The Plaintiff's attorneys do not appear to have caused any unnecessary delay in proceedings, the hours spent on the case were well-documented and their efforts were ultimately successful in securing disability benefits for Plaintiff. Plaintiff's attorneys secured $20,800 for Plaintiff's past due benefits. They even secured benefits for Plaintiff's dependents but have decided not to pursue attorney fees concerning those benefits.

Second, the requested fee of $10,500 is not unreasonable based upon the time expended and the agreement of the parties. Plaintiff's attorneys expended approximately

4

8.6 hours of work performed before this Court and an additional 1.9 hours on Plaintiff's federal court case not accounted for in the prior EAJA motion. Thus, the "hypothetical hourly rate" for work performed is approximately $1,000 per hour ($10,500 / 10.5 hours). The Court finds the $1000 hypothetical hourly rate is neither prohibited by the statute nor unreasonable, especially given the agreement of the parties. Plaintiff agreed to pay a contingent fee of twenty-five percent of this representation and the requested fee ($10,500) falls below that amount. Indeed, the requested amount is less than what the SSA has withheld from Plaintiff's past due benefits, which is $20,800. Additionally, Plaintiff's attorney provided legal services with no guarantee of payment in any amount. In light of the results achieved, combined with more than 10.5 hours of time expended, and the nature of the agreement, the Court finds that the requested fee of $10,500 is reasonable.

However, Congress has precluded receipt of attorney fees for the same services under the EAJA and § 406(b), and the smaller of the fees for the same work under the EAJA and § 406(b) must be refunded to Plaintiff. In this case, Plaintiff previously applied for and was awarded fees under the EAJA in the amount of $1,764.38. Since the EAJA fee ($1,764.38) is smaller than the 406(b) fee ($10,500), the EAJA fee must be refunded to the Plaintiff.

**THEREFORE, IT IS ORDERED** that:

1. Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b), Filing No. 27 is granted.

2. Plaintiff is awarded $10,500 under 42 U.S.C. § 406(b), payable to counsel to Timothy Cuddigan who will then effectuate the return of the EAJA award to Mr. Smith and disburse to Mr. Kappelman his portion of the 406(b) award.

3. Counsel shall refund to Plaintiff the EAJA fee, in the amount of $1,764.38.

4. A separate judgment shall be entered in conjunction with this Memorandum and Order.

Dated this 9th day of September, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge